## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Margaret Carol Morris

v.

Commonwealth of Virginia

September 23, 1998

Case No. LC98-381

BY JUDGE WILLIAM H. LEDBETTER, JR.

Ms. Morris has petitioned for restoration of her operator's license under Virginia Code § 46.2-361. Ms. Morris was determined by DMV to be an habitual offender on January 11, 1996, based on three convictions of driving while her license was suspended or revoked. The predicate convictions are as follows: (1) in Stafford County General District Court on October 11, 1988; (2) in Fredericksburg General District Court on September 12, 1989; and (3) in Spotsylvania County General District Court on November 20, 1995.

When a person has been adjudged an habitual offender based solely upon convictions of driving on a suspended license for failure to pay fines and costs, he or she may petition the court *at any time* for restoration of operator's license upon proof that all outstanding fines and costs have been paid. In other words, there is no mandatory waiting period as in other habitual offender cases.

The three convictions recited above resulted from Ms. Morris' failure to pay fines and costs. Her license had been suspended for that reason, and she was convicted in each instance for driving after such suspension. These convictions constitute the types of convictions listed in § 46.2-361(B) for which immediate restoration, upon payment of all fines and costs, is available.

However, DMV points out that on all occasions when Ms. Morris was driving a vehicle that led to the predicate convictions, her license stood suspended for failure to pay the uninsured motorist fee required under § 46.2-706. That suspension arose out of a conviction in Stafford County General

District Court on August 18, 1988, for operating an uninsured vehicle. That suspension was issued under § 46.2-707.

Therefore, even though Ms. Morris did not pay fines and costs associated with some of her convictions, so that her license was suspended for that purpose, the fact remains that her underlying, or seminal, suspension was the 1988 DMV order of suspension issued under § 46.2-707. A suspension under § 46.2-707 is not one of those suspensions which, when it is the basis of the predicate convictions, enables one to seek restoration upon payment of fines and costs. This case is controlled by the decision of this court in *Greene v. Commonwealth of Virginia*, Spotsylvania County Circuit Court # CL97-440 (Op. Ltr. Nov. 3, 1997).

Because Ms. Morris' habitual offender determination was not "based entirely upon convictions as set out in subdivision 1(C) of § 46.2-351," the court has no authority to restore her license under § 46.2-361(B). The requisite three-year waiting period under § 46.2-361(A) has not expired. For this reason, the petition must be denied.